UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **John Doe**, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **New York University**, <br><br> Defendant. | Case No. 1:23-mc-00398 |

## CLASS-ACTION COMPLAINT

Federal law prohibits universities that accept federal funds from discriminating on account of race or sex. *See* 42 U.S.C. § 2000d (Title VI); 20 U.S.C. § 1681 (Title IX). The New York University Law Review has flouted these requirements by openly using race and sex preferences to select its members and editors—a practice that violates the clear and unequivocal text of Title VI and Title IX. In the wake of the Supreme Court's ruling in *Students for Fair Admission v. President and Fellows of Harvard College*, 600 U.S. 181 (2023), the NYU Law Review continues to boast on its website that it seeks a "diverse staff of editors" and invites student applicants to submit a résumé that "will be used by the *Law Review* to realize its commitment to staff diversity." Exhibit 1. Even after *Students for Fair Admission*, the NYU Law Review continues to give unlawful and discriminatory preferences to women, non-Asian racial minorities, and homosexual and transgender individuals when selecting its members and editors. And it intends to continue these unlawful and discriminatory practices until it is enjoined from doing so.

Plaintiff John Doe is a first-year law student at NYU, and he intends to apply for law-review membership in the summer of 2024. He seeks declaratory and injunctive relief that will prevent the NYU Law Review from discriminating against or giving

preferential treatment to any person on account of that individual's race or sex, and to require colorblind and sex-neutral consideration of any application for membership or an editorial position on the law review.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff John Doe is a first-year law student at New York University (NYU).

4. Defendant New York University (NYU) is a university located in New York. It can be served at its Office of the General Counsel, located at Bobst Library, 70 Washington Square South, 11th floor, New York, New York 10012.

## STATEMENT OF FACTS

5. The NYU Law Review is an academic journal edited and operated by students at NYU Law School. The students select and edit the articles that the Law Review will publish, and they also select the students who serve as members and editors of the Law Review.

6. Until recently, membership on a law review was an academic honor reserved to students who were selected on account of their law-school grades and performance on a writing competition.

7. In recent years, however, the NYU Law Review has been using race and sex preferences to select its members.

8. The NYU Law Review explains its membership-selection policies on its website. *See* http://www.nyulawreview.org/about/membership-selection (last visited on October 26, 2023) (attached as Exhibit 1).

9. Before the Supreme Court's ruling in *Students for Fair Admission*, the NYU Law Review would select 50 new members each year from the rising 2L class. *See* Exhibit 2. The Law Review would first extend membership offers to 15 students based solely on their performance on a writing competition. *Id*. After those 15 students were selected, another 15 would be chosen solely on the basis of their first-year grades. *Id*. Then eight additional students would be selected based on "a combination of their grades and writing competition scores." *Id*.

10. After these 38 students were selected on the basis of merit, the remaining 12 slots were set aside for selections made by the Law Review's "Diversity Committee." *Id*.

11. To enable it to fill this "diversity" quota, the NYU Law Review instructed all applicants to submit a "personal statement" of no more than 500 words. *Id*. The Law Review explained:

> The information contained in these personal statements allows the *Law Review* to realize its commitment to staff diversity. The *Law Review* evaluates personal statements in light of various factors, including (but not limited to) race, ethnicity, gender, sexual orientation, national origin, religion, socio-economic background, ideological viewpoint, disability, and age. With regard to these and other aspects of diversity, applicants should clearly identify and discuss any personal characteristics, background, unique experiences, or qualifications that the applicant would like to bring to the attention of the Selection Committee.

*Id*.

12. The NYU Law Review also permitted applicants to submit a résumé, which "can be used to share personal and professional information that cannot be easily communicated through a personal statement," and which "will be used by the *Law Review* to realize its commitment to staff diversity." *Id*. The Law Review instructed applicants to remove their "names and addresses" from their résumé before submitting it. *Id*.

13. After *Students for Fair Admission*, the Law Review changed its website in an attempt to obscure the details of its membership-selection process. The Law Review no longer mentions the diversity set-aside on its website. *See* Exhibit 1. And it no longer explains the role that grades will play in the selection of law-review members, other than to say that "All interested students are strongly encouraged to apply regardless of GPA; there are no cutoffs, and grades are the least important factor in evaluating applicants." *Id*.

14. But the Law Review's website makes clear that "diversity" remains a prime consideration in the selection of members, boasting that the Law Review seeks a "diverse staff of editors" and inviting student applicants to submit a résumé that "will be used by the *Law Review* to realize its commitment to staff diversity." Exhibit 1. The Law Review also asks students to submit a "statement of interest," which it describes as "an opportunity for applicants to provide the Selection Committee a more comprehensive view of who you are as an individual."

15. The NYU Law Review is using these "statements of interest" and résumés to give preferential treatment to women, non-Asian racial minorities, homosexuals, and transgender people when selecting its members. And the Law Review intends to continue these unlawful and discriminatory practices until it is enjoined from doing so.

## FACTS RELATED TO STANDING

16. Plaintiff John Doe is a first-year law student at NYU.

17. Mr. Doe intends to apply for membership on the NYU Law Review in the summer of 2024.

18. Mr. Doe is a white male. He is heterosexual and he identifies as a man, consistent with his biologically assigned sex.

19. Mr. Doe will be subject to race and sex discrimination when he applies for Law Review membership, and he will be denied an equal opportunity to compete for membership on the Law Review on account of his race, sex, sexual orientation, or gender identity. This inflicts injury in fact. *See Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993). This "injury in fact" is caused by the NYU Law Review's use of race and sex preferences, and it will be redressed by an injunction that bars the NYU Law Review from considering race or sex when selecting its members and editors.

## CLAIM FOR RELIEF—VIOLATIONS OF TITLE VI AND TITLE IX

20. The NYU Law Review is violating Title VI and Title IX by using race and sex preferences when selecting its members and editors.

21. New York University is violating Title VI and Title IX by allowing the NYU Law Review to use race and sex preferences when selecting its members and editors.

22. The NYU Law Review is a "program or activity" that "receives Federal financial assistance" within the meaning of Title VI and Title IX. The NYU Law Review is also a "program or activity" of New York University, which "receives Federal financial assistance" within the meaning of Title VI and Title IX.

23. The NYU Law Review is subject to the anti-discrimination requirements of Title VI and Title IX because, among other reasons: The student members of the NYU Law Review receive federal financial assistance to pay their law-school tuition; enrollment at New York University School of Law is a prerequisite for membership on the journal; the NYU Law Review depends on New York University School of Law to disclose the first-year grades that the Law Review uses to select its members; the NYU Law Review is subject to rules and regulations that New York University School of Law and New York University chooses to establish for the Law Review; the faculty at New York University assist and advise the NYU Law Review; the NYU Law Review

occupies space on the campus of New York University; and the NYU Law Review draws upon the resources of New York University.

24. Mr. Doe plaintiff therefore seeks declaratory and injunctive relief that will prohibit the NYU Law Review from discriminating on account of race and sex in any manner when selecting its student members and editors.

25. Mr. Doe sues on behalf of a class of all present and future students at NYU Law School who: (a) intend to apply for membership on the NYU Law Review; and (b) are white, heterosexual men who identify as men, consistent with their biologically assigned sex.

26. The plaintiff seeks this relief under Title VI, Title IX, 42 U.S.C. § 1983, and any other law that might supply a cause of action for the requested relief.

## DEMAND FOR RELIEF

27. The plaintiff respectfully requests that the court:

   a. certify the class described in paragraph 25;

   b. declare that the NYU Law Review's membership-selection policies violate Title VI and Title IX;

   c. enjoin the NYU Law Review from considering race, sex, sexual orientation, or gender identity when selecting its members, editors, or articles for as long as New York University continues to accept federal funds;

   d. order the NYU Law Review to establish a new membership-selection policy that is based exclusively on academic merit and that explicitly disavows any consideration of race, sex, sexual orientation, or gender identity or expression, and to submit that revised membership-selection policy to this Court for its review and approval within 30 days of this Court's judgment;

e. permanently enjoin the NYU Law Review from selecting any new members or editors without first securing preclearance from this Court, who must certify that the Law Review's selection of those new members and editors was based on academic merit and was not in any way affected or influenced by race, sex, sexual orientation, or gender identity;

f. award costs and attorneys' fees;

g. grant all other relief that the Court deems just, proper, or equitable.

Respectfully submitted.

/s/ Ronald A. Berutti

| | |
|---|---|
| JONATHAN F. MITCHELL* | RONALD A. BERUTTI |
| Mitchell Law PLLC | Murray-Nolan Berutti LLC |
| 111 Congress Avenue, Suite 400 | 30 Wall Street, 8th Floor |
| Austin, Texas 78701 | New York, New York 10005-2205 |
| (512) 686-3940 (phone) | (212) 575-8500 |
| (512) 686-3941 (fax) | ron@murray-nolanberutti.com |
| jonathan@mitchell.law | |
| | CHRISTOPHER MILLS* |
| GENE P. HAMILTON* | Spero Law LLC |
| America First Legal Foundation | 557 East Bay Street #22251 |
| 611 Pennsylvania Avenue SE #231 | Charleston, South Carolina 29413 |
| Washington, DC 20003 | (843) 606-0640 (phone) |
| (202) 964-3721 | cmills@spero.law |
| gene.hamilton@aflegal.org | |

* *pro hac vice* applications forthcoming

Dated: October 26, 2023         *Counsel for Plaintiff*