# UCLA School of Law

EUGENE VOLOKH
GARY T. SCHWARTZ PROFESSOR OF LAW

December 26, 2023

Re:  *Doe v. NYU*, No. 1:23-mc-00398

Dear Judge Marrero:

> APPLICATION GRANTED
> SO ORDERED
> VERNON S. BRODERICK
> U.S.D.J.
>
> Mr. Volokh's motion to intervene and unseal Plaintiff's motion to proceed under pseudonym is granted. The Clerk of Court is respectfully directed to unseal the motion at Doc. 5 and close this case.
>
> Dated:  January 10, 2024

   This letter brief is submitted by Eugene Volokh, seeking (on his own behalf) to move to intervene and unseal the motion to proceed under pseudonym (ECF No. 5). Plaintiff's counsel has stated that they "are unopposed" to this motion; defendant's counsel has stated that "NYU takes no position on this request at this time."

   Volokh is the Gary T. Schwartz Professor of Law at UCLA School of Law, where he writes about First Amendment law and access to courts, including pseudonymity. *See, e.g.*, Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022). He has written about this case, as well as many other cases dealing with pseudonymity, in his *The Volokh Conspiracy* blog, posted on the site of Reason magazine (https://reason.com/volokh/), a leading libertarian magazine that delivers news on civil liberties.[1] He would like to see the motion to proceed under pseudonym, to better understand why pseudonymity was granted in this case (ECF No. 7), and to be able to relay these reasons to readers. *See Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 158 (S.D.N.Y. 2003) (finding a news organization had a legitimate interest in providing readers the "complete story"); *see also In re Pineapple Antitrust Litig.*, No. 04 MD. 1628 RMB MHD, 2015 WL 5439090, at *1 (S.D.N.Y. Aug. 10, 2015) (finding a legitimate intervening interest in "seeking access to documents to assist in a journalistic project").

   ***Intervention:*** "Representatives of the press must be given an opportunity . . . to intervene in this Court to seek unsealing of documents filed in a court proceeding." *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019) (cleaned up). "Whether deemed an intervention as of right under Rule 24(a) or a permissive intervention under Rule 24(b), intervention by the press—a step preliminary to determining whether any sealed documents should be disclosed—should be granted absent some compelling justification for a contrary result." *In re Pineapple Antitrust Litig.*, 2015 WL 5439090, at *1. Since permissive

---

[1] *See* Eugene Volokh, *Challenge to NYU Law Review's Race and Sex Preferences May Proceed Pseudonymously, at Least for Now,* The Volokh Conspiracy (Reason) (Nov. 22, 2023, 2:14 PM), https://reason.com/volokh/2023/11/22/challenge-to-nyu-law-reviews-race-and-sex-preferences-may-proceed-pseudonymously-at-least-for-now/; *see also* the posts gathered at https://reason.com/tag/right-of-access/.

intervention "is the more commonly invoked route," *see id.* at *1, n.2, Volokh seeks to intervene as a member of the public and the press under Rule 24(b). *See TGP Commc'ns, LLC v. Doe*, No. 22-1836, 2023 WL 4230020, at *1 (2d Cir. June 28, 2023) (considering a motion to intervene to unseal documents under Rule 24(b)).

There are no compelling justifications to deny intervention. Intervention will not delay this case or prejudice any of the parties because Volokh's only interest is in unsealing the motion, and not in affecting the disposition of the case on the merits. Volokh's interest is not represented by the parties in the case since Defendant New York University may well not be concerned with the unsealing of the motion itself. And Volokh's "perspective and expertise . . . concerning issues of public access may well facilitate determination of these issues," thereby aiding the legal process. *Schiller v. City of New York*, No. 04 CIV. 7921, 2006 WL 2788256, at *3 (S.D.N.Y. Sept. 27, 2006) (citing such a perspective and expertise as a basis for granting news organization's motion to intervene to challenge confidentiality designations).

***Unsealing under the common law:*** "The 'presumption of access' to judicial records is secured by two independent sources: the First Amendment and the common law." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). Under both, the public has a right of access to the motion to proceed under pseudonym to identify the arguments this Court found salient when granting the motion.

When deciding whether to unseal a document under the common law, a court must (1) determine if "the documents at issue are judicial documents," (2) measure "the weight of the presumption of access," and (3) "balance competing considerations." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (cleaned up).

The motion to proceed under pseudonym is a judicial document because it is "relevant to the performance of [a] judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). A document is relevant "if it would reasonably have the *tendency* to influence a district court's ruling on a motion." *Id.* A motion to proceed under pseudonym is relevant and useful because "it explains to the Court Plaintiff's arguments as to why Plaintiff believes . . . he should be allowed to proceed under a pseudonym." *Doe v. City of New York*, No. 1:22-CV-7910 (LTS), 2022 WL 15153410, at *4 (S.D.N.Y. Oct. 26, 2022) (collecting cases); *see also Brunckhorst v. Bischoff*, No. 21 CIV. 4362 (JPC), 2023 WL 1433573, at *1 (S.D.N.Y. Feb. 1, 2023) (finding a supplemental letter in support of a motion to seal is a judicial document); *see also Cheng v. Wilson*, No. 1:22-CV-10706 (LTS), 2023 WL 7710966, at *3 (S.D.N.Y. Oct. 2, 2023) (finding a motion to redact certain information is a judicial document).

The strength of the presumption of access is determined "by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). The motion to proceed under pseudonym is subject to a "strong" presumption of access because it plays "a significant role in the exercise of Article III judicial

December 26, 2023
Page 3

power" and is of "substantial value in monitoring the federal courts." *Schiller*, 2006 WL 2788256, at *5 (so holding as to a "Protective Order Brief" and supporting declarations). The motion itself relates to the "transparency of court proceedings," which is "an issue of constitutional dimension that implicates the public's faith in the judicial system." *Id.* Because of the strength of the presumption of access to this motion, there would need to be strong countervailing factors to justify keeping it under seal.

There are no such countervailing factors justifying keeping the motion for pseudonymity under total seal. Any potentially identifying information can instead be redacted, so that Doe's pseudonymity would be protected while allowing the public to understand the legal arguments that led the Court to grant the motion to proceed under pseudonym. *See MacroMavens, LLC v. Deutsche Bank Sec., Inc.*, No. 09 CIV. 7819 PKC, 2011 WL 1796138, at *1 (S.D.N.Y. Apr. 27, 2011) (denying requests to file motions in limine under seal but allowing redaction of non-material information); *see also Brown*, 929 F.3d at 48, n.22 (unsealing a "minimally redacted version of the summary judgment record" where redactions served to "protect personally identifiable information").

***Unsealing under the First Amendment:*** "[T]he constitutional right of access [applies] to written documents submitted in connection with judicial proceedings that themselves implicate the right of access." *Matter of N.Y. Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987) (so holding as to memorandum in support of a motion to suppress evidence). Since the motion to proceed under pseudonym directly resulted in the public losing the right of access to the Plaintiff's identity, the public has a First Amendment right of access to the motion.

The motion to proceed under pseudonym is likewise protected by the First Amendment right of access under the "experience and logic" test, which asks a court to consider both "whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." *Lugosch*, 435 F.3d at 120 (cleaned up). "Legal memoranda have historically been open to the press and general public and public access plays a significant positive role in monitoring arguments over the sealing of court records." *Schiller*, 2006 WL 2788256, at *5 (internal quotations omitted). Public "[a]ccess to written documents filed in connection with pretrial motions is particularly important in the situation . . . where no hearing is held and the court's ruling is based solely on the motion papers." *N.Y. Times Co.*, 828 F.2d at 114. Without access to the motion to proceed under pseudonym, there is no opportunity for the public to scrutinize the Court's reasoning and provide necessary accountability to the judicial system.

To overcome the strong presumption of access, this Court would need to make specific on the record findings "demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. For the same reasons given above, total sealing of the motion to proceed under pseudonym appears not to be essential.

December 26, 2023
Page 4

\* \* \*

As a member of the public and the press, Volokh has a fundamental common law and First Amendment right of access to the motion. The motion to proceed under pseudonym is subject to a strong presumption of access, and this presumption is not rebutted here. Volokh should be allowed to intervene, and the motion should be unsealed (perhaps with modest redactions) to allow the public to understand this Court's basis for granting the motion.

Respectfully Submitted,

s/ <u>Eugene Volokh</u>
*Pro Se*
Gary T. Schwartz Professor of Law
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

**Certificate of Service:** I certify that I have served the plaintiff and defendant by e-mail, as well as filing it by emailing it to Pro_Se_Filing@nysd.uscourts.gov.

s/ <u>Eugene Volokh</u>